# IN THE UNITED STATES DISTRCT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VRAJ V. PATEL,** <br><br> *Plaintiff,* <br><br> v. <br><br> **PAM BONDI,** ATTORNEY GENERAL OF THE UNITED STATES; **KRISTI NOEM,** SECRETARY OF HOMELAND SECURITY; **TODD LYONS,** ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT <br><br> *Defendants.* | Civil Action No.: 1:25-cv-00103 |

## COMPLAINT

To the Honorable Judge of Said Court:

### INTRODUCTION

1. Over the past week, the United States Department of Homeland Security (DHS) unilaterally terminated the F-1 student status of numerous students throughout the United States under the SEVIS [Student and Exchange Visitor] system for unknown and unspecified reasons. Plaintiff Vraj V. Patel is one of these students.

2. The Student and Exchange Visitor Information Systems (SEVIS) is a government database that tracks international students' compliance with their F-1 status. Immigration and Customs Enforcement (ICE), through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. On April 7, 2025, ICE, through the SEVP abruptly and unlawfully terminated Plaintiff's

1

SEVIS record stripping him of his ability to pursue his studies in the United States and putting him at risk of arrest, detention, and deportation.

3. The reason stated for the termination of Plaintiff's SEVIS was simply as "Individual identified in criminal records check and/or has had their VISA revoked."

4. The termination of a SEVIS record effectively ends F-1 student status. Even when a visa is revoked, ICE is not authorized to terminate Plaintiffs' student status. The grounds cited by ICE in the SEVIS terminations do not provide legal authority to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. Plaintiff was in full compliance with the terms of his F-1 status and had not engaged in any conduct that would warrant the termination of his status.

5. DHS's act of unlawfully terminating SEVIS records appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable, it has the authority to initiate removal proceedings and make its case in court. However, it cannot misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

6. To be clear, Plaintiff does *not* challenge the revocation of his F-1 *visa* in this case, even assuming that his visa was actually revoked. Rather, Plaintiff brings this action under the Administrative Procedure Act (APA), the Firth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's illegal termination of his SEVIS record and seek a Temporary Restraining Order (TRO)

to reinstate his SEVIS registration, restoring his student status and Form I-20 to allow him to resume his studies in lawful student (F-1) status.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present action based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

8. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity and because Plaintiff resides in Erie County, located within the Western District of Pennsylvania.

## PARTIES

9. Plaintiff Vraj V. Patel, whose permanent residence is in Erie County, Pennsylvania, is a citizen and national of India. Plaintiff is an international student at Gannon University, where he has been seeking a bachelor's degree in Information Systems since January 2022.

10. Defendant Pam Bondi is the Secretary of the Attorney General of the United States and represents the United States in legal matters generally and gives advice and opinions to the President and to the heads of the executive departments of the Government when so requested.

11. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of immigration laws. Defendant Noem is sued in her official capacity.

12. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Plaintiffs' SEVIS records."

## LEGAL FRAMEWORK

13. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

14. The SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination of SEVIS registration can only be done on one of the outlined grounds, one of which is a student's failure to maintain status.

15. DHS regulations distinguish between two separate ways a student may become "out of status": (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

16. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder "constitutes a failure to maintain status," such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year. Plaintiff does not fall within any of these subcategories.

17. With respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . ." Minor misdemeanor or summary offenses do not meet this threshold for termination based on criminal history. Plaintiff does not fall under this subsection.

18. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful

permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019). An arrest or a traffic citation is not a basis for termination of SEVIS per DHS's own regulations. *See* U.S. Department of Homeland Security, Study in the States – SEVIS Help Hub. "Termination Reasons" (December 3, 2024), available at https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons, attached as Exhibit D. DHS has not published a Federal Register notification related to Plaintiff and Plaintiff is not covered by any of these termination subsections.

19. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter, and the SEVIS record is terminated. However, the SEVIS record may not be terminated because of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study. *See* ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf, Attached as Exhibit E.

20. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *Id*. Rather, if the visa is revoked, the

6

student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States. *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation, Attached as Exhibit F.

21. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings. *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation). The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status. *See* 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order entered would status be lost. Plaintiff has not been placed in removal proceedings, likely because he is not deportable under the Immigration and Nationality Act (INA).

22. A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

23. The immigration courts have the ability to review the SEVIS termination here because the process is collateral to removal. *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019). There is also no administrative appeal of a denial to reinstate F-1 status. The termination of a

SEVIS record constitutes final agency action for purposes of APA review. *Id.* At 185.

## FACTUAL ALLEGATIONS

24. That Plaintiff re-alleges and incorporates by reference paragraphs one through 23 above.

25. That Plaintiff is an international student enrolled at Gannon University, in Erie, Pennsylvania, where he is pursuing a bachelor's degree in Information Systems.

26. That Plaintiff has maintained full-time student status and has complied with the academic requirements set by his Designated School Official (DSO) and U.S. immigration regulations.

27. That *if* Plaintiff is permitted to finish the current academic semester, he would be just 6 credits short of graduating.

28. That on April 7, 2025, Plaintiff was notified by his DSO that his SEVIS registration had been terminated. Plaintiff was informed by his DSO that his SEVIS record marked him as "Individual identified in criminal records check and/or has had their VISA revoked."

29. That Plaintiff believes that revocation happened due to his April 10, 2024, guilty plea to summary disorderly conduct under 18 Pa. S. C. §5503(A)(4) in Erie, PA. As a result of his plea, Plaintiff was ordered to pay $221.75 in fines and costs; which he paid promptly. Disorderly conduct under 18 Pa. S. C. §5503(A)(4) is a summary offense, and carries a maximum penalty of 90 days imprisonment. *See* 18 Pa. S. C. §1105.

30. That Plaintiff has complied with all terms and requirements under the F-1 visa regulations, and did not violate the terms of his visa.

31. That at no time prior to the termination of his SEVIS record and status, was Plaintiff notified of the Defendants' intention to terminate his SEVIS status.

32. That Plaintiff's ability to graduate with his bachelor's degree, something that he is very close to being able to do, is in jeopardy due to the termination of his SEVIS record and status. Since he received the notice of his SEVIS termination, Plaintiff has been extremely stressed and anxious; he fears detention by Defendants, and he fears that the significant financial investment he has made in his education here in the United States will be lost.

**CAUSE OF ACTION**

**COUNT I**
**APA – UNAUTHORIZED AGENCY ACTION**

33. That Plaintiff re-alleges and incorporates by reference paragraphs one through 23, above.

34. Defendants' termination of Plaintiff's F-1 student status under the SEVIS system is a final agency action. *See Jie Fang*, 935 F.3d at 182 ("[t]he order terminating these students' F-1 visas marked the consummation of the agency's decision making process, and is therefore a final order").

35. Defendants' termination violates the Administrative Procedure Act (APA) and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R. § 214.1(d).

36. Under 8 C.F.R. § 214.1(d), Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in the Plaintiff's criminal history or other history, including immigration history, provides a basis for termination.

37. Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## COUNT II
## APA – ARBITRARY AND CAPRICIOUS AGENCY ACTION

38. That Plaintiff re-alleges and incorporates by reference paragraphs one through 23, above.

39. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

40. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

41. Defendants' action is therefore arbitrary and capricious.

## COUNT III
## FIFTH AMENDMENT – PROCEDURAL DUE PROCESS

42. That Plaintiff re-alleges and incorporates by reference paragraphs one through 23, above.

43. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

44. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiffs have a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

45. At the most elemental level, the United States Constitution requires notice and a meaningful opportunity to be heard. *See Choeum v. I.N.S.*, 129 F.3d 29, 38 (1st Cir. 1997) ("At the core of [a noncitizen's] . . . due process rights is the right to notice and the nature of the charges and a meaningful opportunity to be heard."); *Matthews v. Eldridge*, 424 U.S. 319, 322 (1976). No such notice or opportunity to be heard was provided here.

46. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

## COUNT IV
## APA – PROCEDURAL DUE PROCESS

47. That Plaintiff re-alleges and incorporates by reference paragraphs one through 23, above.

48. Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

49. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

50. Accordingly, Defendants' action is contrary to a constitutional right.

**PRAYER**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1) Take jurisdiction over this matter;

2) Declare that the termination of his SEVIS registration and termination of F-1 status was unlawful;

3) Vacate and set aside DHS's termination of his SEVIS registration and termination of F-1 nonimmigrant student status;

4) Order that Defendants restore his SEVIS registration, and F-1 nonimmigrant student status;

5) Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

6) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

Date: April 16, 2025

*s/Brian Scott Green*
Brian Scott Green, PA Bar ID # 86888
Law Office of Brian Green
9609 S University Boulevard, #630084
Littleton, CO 80130
Phone (443) 799-4225
BrianGreen@greenUSimmigration.com

Attorney for Plaintiff – *Local Counsel*