IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VRAJ V. PATEL, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-CV-00103 |
| PAM BONDI, *Attorney General of the United States*; KRISTI NOEM, *Secretary of Homeland Security*; and TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*; | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently pending before the Court is Plaintiff Vraj V. Patel's ("Patel") Motion for Temporary Restraining Order ("TRO") (Docket No. 2). Patel asks the Court to grant his motion and to issue an order (i) enjoining Defendants from terminating his F-1 student status under the Student and Exchange Visitor ("SEVIS") system and (ii) requiring Defendants to set aside their termination determination. The Court has reviewed Patel's motion and supporting brief (Docket No. 3).[1] Having carefully considered the issues raised in the motion, the Court will grant the motion for TRO for the reasons stated herein and for the reasons previously stated on the record, *see supra* n. 1.

---

[1] On April 17, 2025, at the conclusion of a hearing in Civil Action No. 1:25-cv-00101, the Court asked counsel (who have also appeared in this matter) whether there are any new or meaningfully different arguments to be made or materials to be submitted in this case. Counsel for the parties indicated that the issues in this case are not materially different from the issues addressed at the April 17th hearing on the TRO motion in case number 1:25-cv-00101. Accordingly, the Court takes under advisement the parties' arguments as expressed on the record at the April 17th hearing on the TRO motion in that matter and will rule on the pending TRO motion in this matter without further argument. *See* Fed. R. Civ. P. 78(b).

## I. STANDARD OF REVIEW

Patel must establish the following for a TRO: "(1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary restraining order will not result in irreparable harm to the defendants, and (4) that granting the TRO is in the public interest." *Zubik v. City of Pittsburgh*, No. 20:CV-1809, 2020 WL 7053304, at *1 (W.D. Pa. Nov. 24, 2020) (citing *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997)). That is, he must establish the same elements as for a preliminary injunction. *Id.* (citing *Saluck v. Rosner*, C.A. No. 98-5718, 2003 WL 559395, at *2 (E.D. Pa. Feb. 25, 2003)). Where, as here, the government is a party, "the last two factors in the [TRO] analysis … merge." *City of Philadelphia v. Sessions*, 280 F. Supp. 3d 579, 657 (E.D. Pa. 2017) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The primary purpose of a TRO is "preserv[ation of] the status quo until a decision can be made on the merits." *Id.* (citing *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020)); *N. Am. Dental Mgmt., LLC v. Phillips*, No. CV 23-1202, 2023 WL 4551980, at *2 (W.D. Pa. July 14, 2023).

## II. DISCUSSION

Patel is an international student pursuing his bachelor's degree in Information Systems at Gannon University in Erie, Pennsylvania. (Docket No. 1, ¶ 9). Patel represents in his Complaint that he has maintained his F-1 status and has not done anything to compromise his status in the United States while pursuing his education at Gannon. (*Id.* ¶¶ 16-18). It therefore came as a surprise to him when, on April 7, 2025, he was notified by his Designated School Official ("DSO") that his SEVIS registration had been terminated and that he had been marked as an "Individual identified in criminal records check and/or has had their VISA revoked." (*Id.* ¶ 28). Patel speculates the SEVIS termination could be related to a summary disorderly conduct offense, 18

2

Pa. S. C. § 5503(A)(4), but he explains through his attorneys that such offense would not explain his SEVIS termination. (Docket No. 3 at 2-3). Patel has not received any explanation from Defendants concerning the abrupt SEVIS termination. Based on these events, Patel sued Defendants for violating the Administrative Procedure Act ("APA") (Counts I and II), and depriving him of procedural due process in violation of the Fifth Amendment and the APA (Counts III and IV).

In applying the TRO standard to Patel's motion, the Court first assesses Patel's likelihood of success on the merits of his claims.[2] At least with respect to Patel's claims that Defendants' termination of his SEVIS status violated the APA because it was (1) arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, including 8 C.F.R. § 214.1(d), and (2) arbitrary and capricious because no rational connection between any facts and such decision was made or conveyed, the Court finds that Patel has established more than a reasonable probability of success on the merits. To establish a reasonable probability of success on the merits, a "plaintiff need only prove a prima facie case, not a certainty that [it] will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001). Patel has met that burden here.

The SEVIS termination is a final agency decision susceptible to judicial review. *Jie Fang v. Dir. U.S. ICE*, 935 F.3d 172, 182 (3d Cir. 2019). SEVIS termination may occur when a student fails to maintain status or when Department of Homeland Security ("DHS") terminates status. *See* 8 C.F.R. §§ 214.2(f); 214.1(d). With respect to maintenance of status, Patel avers that he has not

---

[2] If the Court finds a likelihood of success on some of Patel's claims, the Court need not go on to assesses likelihood of success on all claims. *CIBA-GEIGY Corp. v. Bolar Pharm. Co.*, 719 F.2d 56, 57 (3d Cir. 1983) (affirming the district court's "thoughtful and detailed" decision granting a preliminary injunction where the plaintiff had demonstrated a "likelihood of ultimate success as to at least one of the [counts—either the Lanham-Act count or the State unfair-competition counts]").

3

in any way failed to maintain status, and there is nothing in the record that would suggest that he has engaged in any activity that would constitute a failure to maintain status under applicable regulations. With respect to DHS terminations, it does not appear that DHS terminated Patel's SEVIS registration or terminated his F-1 visa pursuant to its limited authority to do so. *Jie Fang*, 935 F.3d at 185 n. 100 (explaining the bases for termination of an F-1 visa as set forth in 8 C.F.R. § 214.1(d)). The record at this juncture indicates that Patel's SEVIS registration was terminated without explanation and there is no evidence in the record to discern termination for a reason set forth in 8 C.F.R. § 214.2(f) or 214.1(d). In Civil Case No. 1:25-cv-00101, the Government could not provide any explanation for termination, and the Government has indicated it has nothing additional to offer as evidence concerning the SEVIS termination in this matter. The Court is therefore satisfied that Patel is likely to succeed on the merits of his claims, at least with respect to the claims in Counts I and II of the Complaint wherein Patel has sought this Court's review of whether Defendants' final decision on his SEVIS registration was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law in violation of 5 U.S.C. § 706(2)(A).[3]

That brings the Court to the second TRO factor: whether a TRO is necessary to prevent immediate and irreparable harm to Patel. Patel represents, *inter alia*, that Defendants' termination of his SEVIS registration puts him at risk of removal, disrupts and frustrates his academic studies close to his anticipated graduation (Fall 2025), and will result in financial hardship where Patel has spent over $20,000/year toward his education since 2022. Patel also believes he may presently lack lawful status because of Defendants' actions, and he therefore may be accruing out-of-status

---

[3] The Court would reach the same conclusion even if the heightened standard applicable to injunctions seeking to alter the status quo applied here. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

time that will affect his ability to reinstate F-1 student status in the future. Based on the disruption of education and potential accrual of time out of lawful status that could not be regained, the Court is satisfied that Patel has shown an immediate and irreparable harm that warrants issuance of a TRO.[4]

Because the two "gateway" factors for a TRO weigh in Patel's favor, the Court next considers whether granting the TRO will result in greater harm to Defendants and whether the public interest is served by the TRO. *Kim v. Hanlon*, 99 F.4th 140, 154 (3d Cir. 2024). Regarding harm to Defendants, no specific harm has been brought to the Court's attention. Nor is there any indication that restoration of Patel's SEVIS registration will threaten the public interest. To the contrary, ensuring that SEVIS termination only occurs in accord with applicable law is in the public interest. Based on that and all the foregoing, it is the Court's assessment in this matter that all four elements for TRO relief are satisfied here and warrant granting Patel's motion.

### III. CONCLUSION

The Court is satisfied that Defendants will not be harmed in any significant way by the granting of a TRO in this matter. Patel has established all the requirements of Rule 65(b) and is entitled to entry of a TRO under the relevant case law. The TRO will be set to expire in fourteen days on **May 5, 2025**, though such date may be extended for good cause. This Court will not require Patel to give security for the TRO pursuant to Rule 65(c) because it has no reason to believe based on the present record that Defendants will suffer damages if this TRO was wrongfully entered. *Consol Pennsylvania Coal Co., LLC v. Mahalaxmi Cont'l Ltd.*, No. CV 22-781, 2022

---

[4] While delays in education alone have generally been found not to "amount to irreparable harm," *B.P.C. v. Temple Univ.*, No. CIV.A. 13-7595, 2014 WL 4632462, at *5 (E.D. Pa. Sept. 16, 2014), the circumstances here are unique in that Patel is at risk of accruing days that could accumulate to prevent future reinstatement of F-1 status. *See Jie Fang*, 935 F.3d at 176.

WL 2133563, at *2 (W.D. Pa. June 14, 2022). The Court intends to set a hearing in this matter by further order, should Patel move for a preliminary injunction.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 21st day of April 2025, upon consideration of Plaintiff's Motion for Temporary Restraining Order (Docket No. 2), for the reasons set forth in the Memorandum, *supra*, and having determined that: (1) Plaintiff has established a likelihood of success on the merits; (2) Plaintiff will suffer irreparable harm if the TRO is denied; (3) granting the TRO will not result in irreparable harm to Defendants; and (4) granting the TRO is in the public interest, IT IS HEREBY ORDERED that said Motion is GRANTED.

IT IS FURTHER ORDERED that, for the duration of this TRO:

1. Defendants are enjoined from terminating Plaintiff's F-1 student status records from SEVIS;

2. Defendants are enjoined from directly or indirectly enforcing, implementing, or otherwise taking any action imposing any legal consequences as the result of the decision to terminate Plaintiff's SEVIS records;

3. The Court will set a hearing on any forthcoming preliminary injunction motion by further order of Court;

4. This Order shall remain in effect until **MAY 5, 2025, at 10:30 a.m.**, unless otherwise extended, modified, or vacated by further Order of Court.

*/s/ W. Scott Hardy*
W. Scott Hardy

                United States District Judge

Date: April 21, 2025

cc/ecf: All counsel of record